IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONWAY WILTSHIRE,** | CIVIL ACTION |
| Plaintiff, | |
| | No. 09-_____ |
| v. | |
| | (Related to No. 09-cv-4745) |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Conway Wiltshire is a citizen of the United States. Notwithstanding that objectively verifiable fact, officers of United States Immigration and Customs Enforcement ("ICE") directed the detention of plaintiff in immigration custody based on their purported, but groundless, belief that plaintiff was an alien subject to removal from the United States.

2. As a result of the officers' actions and inactions, plaintiff's liberty was unjustly restricted for six months.

3. Plaintiff brings this action under the Federal Tort Claims Act.

4. This matter is brought as a related case to the previously filed action under docket number 09-cv-4745.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 & 1346(b).

6. On May 7, 2009, plaintiff submitted an Administrative Tort Claim to ICE and the United States Department of Homeland Security. Plaintiff's claim was denied on November 23, 2009. Plaintiff has therefore exhausted all available administrative remedies.

7. Venue is properly with this District under 28 U.S.C. § 1402(b) as the acts that are the subject of this Complaint occurred within the District, in Bucks County, Pennsylvania and in Philadelphia, Pennsylvania.

## PARTIES

8. Plaintiff Conway Wiltshire, who is 43-years-old, is and was at all times relevant to this Complaint a resident of Philadelphia, Pennsylvania.

9. Defendant United States of America is the appropriate defendant under the Federal Tort Claims Act.

10. James H. Fitzgerald, Edward Harris, and any and all other officers involved in the decision to detain plaintiff in immigration custody (collectively "ICE officers") were at all times relevant to this Complaint officers employed by ICE, an executive agency of the United States of America.

11. At all times relevant to this Complaint, the ICE officers were acting within the scope and course of their employment with ICE.

12. At all times relevant to this Complaint, the ICE officers were acting as investigative or law enforcement officers.

## FACTUAL ALLEGATIONS

13.	Plaintiff Conway Wiltshire was born in Jamaica on September 6, 1966.

14.	In or around November 1970, when plaintiff was four years old, plaintiff's father, Lesther Wiltshire, and mother, Cynthia Wiltshire, moved their family, including plaintiff, to the United States.

15.	Plaintiff was admitted to the United States as a lawful permanent resident, or "green card holder."

16.	Plaintiff has never left the United States since his entry in 1970.

17.	In or around 1978, plaintiff's parents naturalized as United States citizens.

18.	Because both of his parents naturalized before plaintiff's 18th birthday, and because plaintiff had been admitted for lawful permanent residence in the United States, plaintiff "derived" United States citizenship by operation of then existing law, 8 U.S.C. § 1432(a); Immigration & Nationality Act § 321(a) (repealed 2000).

19.	In or about October 2007, plaintiff was taken into custody at the Bucks County Correctional Facility in Bucks County, Pennsylvania, on criminal charges relating to the issuance of a bad check.

20.	On October 24, 2007, plaintiff entered a guilty plea to those charges in the Bucks County Court of Common Pleas.  Plaintiff received a sentence of three-to-twenty-three months' imprisonment to be served in Bucks County.

21.	On or about October 25, 2007, the ICE officers, including, but not limited to, James H. Fitzgerald and Edward Harris, investigated plaintiff's background to determine whether he was an alien subject to removal from the United States.

22. All aliens who are admitted to the United States for lawful permanent residence, including plaintiff and his parents, are identified by an alien number called an "A number." Each "A number" has a corresponding paper file, or "A file," containing documents related to the alien's entry and naturalization.

23. A cursory review of plaintiff's A file and/or the A files of his parents demonstrates that plaintiff obtained derivative citizenship of the United States when his parents naturalized in 1978.

24. At the time that the ICE officers investigated plaintiff's background, plaintiff's A file and the A files of his parents were readily available to the ICE officers.

25. Notwithstanding the objectively verifiable fact of plaintiff's citizenship, on or about October 25, 2007, the ICE officers caused an immigration detainer to be lodged against plaintiff.

26. The immigration detainer notified officials of the Bucks County Correctional Facility that, upon plaintiff's release from custody on his criminal sentence, he was to be released to the custody of ICE.

27. On or about October 25, 2007, one or more of the ICE officers met with plaintiff at the Bucks County Correctional Facility. Plaintiff informed the officer(s) that he is a United States citizen.

28. On or about November 13, 2007, the ICE officers issued to plaintiff a "Notice to Appear," a document that is a charging instrument for the initiation of administrative proceedings to remove an alien from the United States.

29. In the Notice to Appear, the ICE officers falsely claimed that plaintiff is not a citizen of the United States. The ICE officers further claimed that, because plaintiff had criminal

convictions that would render a non-citizen removable from the United States, plaintiff should be removed from the United Sates.

30. Between October 2007 and January 2008, plaintiff repeatedly informed the ICE officers that he is a citizen and that he should not be subject to an immigration detainer or removal proceedings.

31. Despite plaintiff's representations to the ICE officers that he is a citizen, the ICE officers failed to conduct an appropriate investigation and willfully and/or recklessly ignored available facts demonstrating plaintiff's citizenship.

32. There was no legal cause for the issuance of an immigration detainer or a Notice to Appear against plaintiff.

33. On or about January 24, 2008, plaintiff was granted parole from his criminal sentence.

34. Because plaintiff was subject to the immigration detainer lodged by the ICE officers, plaintiff was not released from custody, but, instead, was sent to immigration custody.

35. Plaintiff was held in immigration custody, first, in York County Prison in York, Pennsylvania.

36. Thereafter, plaintiff was transferred to the El Paso Processing Center in El Paso, Texas.

37. While held in El Paso, Texas, plaintiff had several court dates relating to removal proceedings in the Immigration Court.

38. On April 23, 2008, attorneys for ICE agreed to terminate the removal proceedings against plaintiff on the ground that plaintiff is a citizen of the United States.

39. Plaintiff was released from the El Paso Processing Center on April 23, 2008. Plaintiff had no money and was provided no means of transportation back to Philadelphia. Plaintiff was, therefore, forced to contact his father, who then wired him money so that plaintiff could purchase a bus ticket to travel from El Paso to his home in Philadelphia.

40. As a direct and proximate result of the conduct of the ICE officers, plaintiff suffered substantial damages, including physical pain and suffering, emotional distress and harm, embarrassment, loss of the enjoyment of life, lost wages and other financial losses, and lost liberty.

41. Plaintiff's lost liberty spanned approximately six months, as follows:

   a. While serving his sentence in the Bucks County Correctional Facility, because an immigration detainer was lodged against him, plaintiff was not permitted to participate in a work release program for which he was otherwise eligible, and, as a result, suffered financial harms and the loss of liberty.

   b. Additionally, plaintiff spent three months in immigration custody after he was paroled from his criminal sentence.

42. The ICE officers' actions deprived plaintiff of his liberty and thus amounted to a seizure of his person in violation of plaintiff's constitutional rights.

43. The ICE officers' actions were arbitrary and capricious and had no rational basis.

44. The ICE officers' actions failed to provide plaintiff with due process of law in violation of plaintiff's constitutional rights.

45. At all times relevant to this Complaint, the ICE officers' conduct was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

46. At all times relevant to this Complaint, the ICE officers acted jointly and in concert and conspiracy to violate plaintiff's rights under federal and state law.

## CAUSES OF ACTION

### Count I
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – False Arrest

47. The actions of the ICE officers that resulted in the issuance of an immigration detainer and a Notice to Appear against plaintiff were without probable cause and unlawful, and, as a result, plaintiff was taken into custody without any legal basis.

48. The actions of the ICE officers constitute the tort of false arrest under the laws of the Commonwealth of Pennsylvania.

49. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

### Count II
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – False Imprisonment

50. The actions of the ICE officers that resulted in the issuance of an immigration detainer and a Notice to Appear against plaintiff were without probable cause and unlawful, and, as a result, plaintiff was held in custody and had his liberty restrained without any legal basis.

51. The actions of the ICE officers constitute the tort of false imprisonment under the laws of the Commonwealth of Pennsylvania.

52. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

## Count III
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – Malicious Prosecution

53. The actions of the ICE officers that resulted in the issuance of an immigration detainer and a Notice to Appear caused the prosecution of removal proceedings against plaintiff without probable cause and with malice.

54. The removal proceedings brought against plaintiff were terminated in plaintiff's favor.

55. The actions of the ICE officers constitute the tort of malicious prosecution under the laws of the Commonwealth of Pennsylvania.

56. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

## Count IV
### Plaintiff v. Defendant United States of America
### Federal Tort Claims Act – Negligence

57. The ICE officers owed a duty to plaintiff, breached their duty to plaintiff, and, as such, were a direct and proximate cause and a substantial factor in bringing about plaintiff's damages outlined above.

58. The actions of the ICE officers constitute the tort of negligence under the laws of the Commonwealth of Pennsylvania.

59. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

**Wherefore**, plaintiff respectfully requests:

    A.    Compensatory damages;

    B.    Reasonable attorneys' fees and costs;

    C.    Such other and further relief as may appear just and appropriate.


/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
I.D. No. 88227
KAIRYS, RUDOVSKY, MESSING & FEINBERG
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
(215) 925-5365 (fax)

*Counsel for Plaintiff*